

that the "crux of plaintiff's complaint is a request for this Court to review the dismissal of an appeal filed in the United States Court of Appeals for the Eleventh Circuit." White also sought "treble damages under § 1983 in excess of ten million dollars." The court stated that it was "without authority to review the decisions of which plaintiff complains" and it ruled that the President, judges, and court officials have immunity from liability for damages.

This appeal must be dismissed because it does not fall within the court's jurisdiction. Nothing in this court's jurisdictional mandate permits review of actions filed pursuant to 42 U.S.C. § 1983. *See* 28 U.S.C. § 1295.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

Before MAYER, Chief Judge, BRYSON and DYK, Circuit Judges.

## ORDER

DYK, Circuit Judge.

Eberhard Weil responds to this court's order to show cause why his appeal should not be dismissed because it was not from a final order.

The order of the Board of Patent Appeals and Interferences on review reversed and remanded the case to the Administrative Patent Judge for "redeclaration and other action consistent with this opinion." Weil acknowledges that "the interference will begin anew" after remand, but nevertheless argues that his appeal should not be dismissed because the Board's order was final with respect to one issue in the case. Weil also argues that dismissal is unwarranted because the order on review stated that it was a "final decision under 37 C.F.R. 1.658."

The Board's remand order is not a final decision for purposes of judicial review. *See Copelands' Enterprises, Inc. v. CNV, Inc.,* 887 F.2d 1065, 1067–68 (Fed.Cir.1989) (en banc) (appellate review premised on

**Eberhard WEIL, Appellant,**

v.

**Bernard WEISSMAN, Appellee.**

No. 01–1023.

United States Court of Appeals, Federal Circuit.

Feb. 7, 2001.

final Board action ending litigation before the Board); 37 C.F.R. § 1.658 ("When the Board enters a decision awarding judgment as to all counts, the decision shall be regarded as a final decision for the purpose of judicial review."). Thus, Weil's appeal is premature and must be dismissed. Weil may, if appropriate, seek review of the issued decided by the Board on appeal after a final decision issues.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each party shall bear its own costs.

**George WYATT, Plaintiff–Appellant,**

and

**Rickey D. Wyatt, Plaintiff,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 01–5025.

United States Court of Appeals,
Federal Circuit.

Feb. 7, 2001.

Before MAYER, Chief Judge, BRYSON and DYK, Circuit Judges.

ON MOTION

DYK, Circuit Judge.

ORDER

The United States moves to dismiss George Wyatt's appeal as untimely.

Wyatt has not responded. Wyatt submits a "motion for oral argument" and a motion for various forms of relief. The United States opposes. Wyatt submits a motion for "fees and other expenses under the Equal Access to Justice Act," and a "motion and application for consideration," which we construe as a motion to for an extension of time to file a notice of appeal.

An appeal from a decision of the Court of Federal Claims must be filed within 60 days of the entry of judgment. *See* 28 U.S.C. § 2107(b); Fed. R.App. P. 4(a)(1)(B). The certified list reflects that the judgment appealed from was entered by the Court of Federal Claims on July 27, 1999, and that the notice of appeal was filed on November 7, 2000, well after the expiration of the 60–day period. Because the time limit for filing a notice of appeal may not be waived, this appeal must be dismissed. *See Sofarelli Assoc., Inc. v. United States*, 716 F.2d 1395 (Fed.Cir. 1983); *Placeway Const. Corp. v. United States*, 713 F.2d 726, 728 (Fed.Cir.1983).

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to dismiss is granted.

(2) Wyatt's motions are denied.

(3) Wyatt's pending motion for leave to proceed in forma pauperis is moot.

(4) Each side shall bear its own costs.